**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000034
30-JUN-2025
10:27 AM
Dkt. 38 SO**

NO. CAAP-23-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC
TRUST 2007-NC2, MORTGAGE-PASS THROUGH CERTIFICATES,
SERIES 2007-NC2, Plaintiff-Appellee, v.
WENDELL KEANI KALEIMAMAHU, JR., Defendant-Appellant,
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10,
and DOE GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC141000357)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Self-represented Defendant-Appellant Wendell Keani Kaleimamahu, Jr. (**Kaleimamahu**) appeals from the Circuit Court of the Third Circuit's December 29, 2022 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed September 22, 2014" (**Foreclosure Decree**), and December 29, 2022 Judgment based on the Foreclosure

Decree entered pursuant to Hawaiʻi Rules of Civil Procedure Rules 54(b) and 58 (**Foreclosure Judgment**).[1]

The Foreclosure Decree's unchallenged findings of fact (**FOF**) establish the following information.[2]  Kaleimamahu executed a promissory note dated August 26, 2006 for the sum of $140,000 (**Note**), which was indorsed in blank "thereby converting it to bearer paper as defined in [Hawaiʻi Revised Statutes (**HRS**)] § 490:3-109."  The Note was secured by an August 26, 2006 mortgage (**Mortgage**) executed by Kaleimamahu, and later assigned to Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-NC2, Mortgage-Pass Through Certificates, Series 2007-NC2 (**Deutsche Bank**).  Kaleimamahu defaulted on the Note and Mortgage, and was given written notice of default.

In his points of error, Kaleimamahu contends Deutsche Bank lacked standing to seek foreclosure, and Deutsche Bank's filings created a genuine issue of material fact as to whether it possessed the Note when the September 22, 2014 complaint was filed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]  The Honorable Peter K. Kubota presided.

[2]  An unchallenged finding of fact is binding on the parties and the appellate court.  Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002).

2

the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

We review the grant of summary judgment de novo. U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017). "A party seeking to foreclose on a mortgage and note must prove (1) the existence of the agreements, (2) the terms of the agreements, (3) a default under the terms of the agreements, and (4) delivery of the notice of default." Wells Fargo Bank, N.A. v. Fong, 149 Hawaiʻi 249, 253, 488 P.3d 1228, 1232 (2021).

To establish standing to foreclose, the plaintiff must necessarily "prove its entitlement to enforce the note" when the action was commenced. Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368-69, 390 P.3d 1248, 1255-56 (2017); Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 41, 42, 414 P.3d 89, 93, 94 (2018) (noting party seeking to judicially foreclose "must establish that it was the 'person entitled to enforce the note' as defined by HRS § 490:3-301 at the time the foreclosure complaint was filed to satisfy standing and to be entitled to prevail on the merits").

HRS § 490:3-301 (2008) provides a person may enforce an instrument if the person is the "holder of the instrument," or is not in possession of the instrument but entitled to enforce a lost instrument:

> "Person entitled to enforce" an instrument means (i) the <u>holder of the instrument</u>, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person <u>not in possession</u> of the instrument who is <u>entitled to enforce the instrument pursuant to section 490:3-309</u> or 490:3-418(d).  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

(Emphases added.)

HRS § 490:3-309 (2008) governs the enforcement of a lost instrument and provides:

> **Enforcement of lost, destroyed, or stolen instrument.** (a) A person <u>not in possession</u> of an instrument is entitled to enforce the instrument if (i) <u>the person was in rightful possession of the instrument and entitled to enforce it when loss of possession occurred</u>, (ii) the loss of possession was <u>not the result of a transfer by the person or a lawful seizure</u>, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, <u>its whereabouts cannot be determined</u>, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
>
> (b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument.  If that proof is made, section 490:3-308 applies to the case as if the person seeking enforcement had produced the instrument.  The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.  Adequate protection may be provided by any reasonable means.

(Emphases added and formatting altered.)

A blank indorsement "is not payable to an identified person[,]" and "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed."  <u>Reyes-Toledo</u>, 139 Hawaiʻi at 370, 390 P.3d at 1257 (citing HRS § 490:3-205(b)).

4

When a lender forecloses on a promissory note secured by a mortgage, the lender may establish standing via proof it physically possessed the blank-indorsed note when it filed the complaint. See id.

The foreclosing party may establish it is the holder of a note by showing that its agent physically possessed the note. See generally U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawai'i 315, 317, 327-28, 489 P.3d 419, 421, 431-32 (2021).

On appeal, though Kaleimamahu contests Deutsche Bank's possession of the Note and its standing to foreclose, Kaleimamahu failed to dispute the existence and terms of the Mortgage and Note, his default, or the delivery of the notice of default before the circuit court or on appeal.

To establish that it possessed the Note when the complaint was filed, Deutsche Bank attached the following to its September 29, 2022 "Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed September 22, 2014":

(1) A declaration of counsel, maintaining counsel "received the original indorsed *Note* . . . for the prosecution of this case on September 3, 2014[,]" and counsel mailed the Note back to Deutsche Bank's loan servicer on February 22, 2016;

(2) The Affidavit of Lost Note (**Affidavit of Lost Note**) signed by M. Johnson an "Authorized Signer" for Ocwen Loan Servicing, LLC (**Ocwen**), Deutsche Bank's loan servicer, noting based on a review of Ocwen's records, (a) Deutsche Bank kept the Note "in the ordinary course of business under the custody and control of Ocwen" and Ocwen mailed the Note to Deutsche Bank's counsel on August 28, 2014, (b) counsel mailed the original Note back to Ocwen on February 22, 2016, (c) the Note appears to be lost and cannot be found, (d) the Note was not "sold or assigned to any other party, and all rights and benefits of said note are currently held" by Deutsche Bank, and (e) Deutsche Bank agreed to indemnify Kaleimamahu against any claims asserted by parties other than Deutsche Bank or its assignees for amounts purportedly due on the Note; and

(3) The declaration of Juliana Thurab, custodian of records for PHH Mortgage Corporation (**PHH**), successor to Deutsche Bank's loan servicer Ocwen, maintaining based on Ocwen's records incorporated into PHH's business records, Deutsche Bank "was in possession of the Note" when "the Complaint was filed on September 22, 2014" and based on the Affidavit of Lost Note, the original Note was "lost in transit" between counsel and Ocwen and "cannot be located."

Based on this record, we determine the circuit court did not clearly err and there was substantial evidence in the

record to support the finding that Deutsche Bank, through its counsel, "was in possession of the endorsed in blank Note at the time of the filing of the Complaint filed September 22, 2014, thereby establishing its standing to foreclose." See generally Santiago v. Tanaka, 137 Hawai'i 137, 148-49, 366 P.3d 612, 623-24 (2016) (providing "trial court's findings of fact are reviewed under the 'clearly erroneous' standard" and "conclusions of law are reviewed de novo").

We further determine that the circuit court did not err in finding that "even though the original of the Note cannot now be located, Plaintiff is the holder of all rights to the Note and is therefore entitled to enforce it pursuant to HRS §490:3-301 and 490:3-309." See generally Santiago, 137 Hawai'i at 148-49, 366 P.3d at 623-24. Deutsche Bank was entitled to enforce the blank-indorsed Note under HRS § 490:3-309 even though the original Note was lost in February 2016 after the complaint was filed, because the record demonstrated Deutsche Bank was "in rightful possession" of the Note and entitled to enforce the Note when loss of possession occurred, the loss "was not the result of a transfer by the person or a lawful seizure," and Deutsche Bank "cannot reasonably obtain possession" of the Note because "its whereabouts cannot be determined[.]" See HRS §§ 490:3-301(iii), 490:3-309(a).

7

Furthermore, the indemnity clause in the Foreclosure Decree protects Kaleimamahu against any concerns of any party or entity seeking to enforce the Note, other than Deutsche Bank or its assignees.

For these reasons, we affirm the circuit court's December 29, 2022 Foreclosure Decree and Foreclosure Judgment.

DATED:  Honolulu, Hawaiʻi, June 30, 2025.

On the briefs:

Wendell Keani Kaleimamahu, Jr.,
Defendant-Appellant, pro se.

Steven T. Iwamura,
Zachary K. Kondo,
Mary Martin,
(Clay Iwamura Pulice & Nervell),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge